UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN UNDERWOOD, | ) |
| Plaintiff, | ) |
| | ) No. 3:17-cv-00514 |
| v. | ) REEVES/GUYTON |
| | ) |
| JOHN DAVIS AND KEITH MERRITT, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court after assessing Plaintiff with the filing fee [Doc. 4]. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

Plaintiff alleges that on or about October 31, 2017, Defendants entered his cell, accused him of damaging property, and took pictures of a blanket hanging on his bunk [Doc. 1 p. 5]. Plaintiff asked Defendants why they were continually harassing him and stated that he felt they were being racist, at which point Defendant Davis shoved Plaintiff against the wall, placed his fingers in Plaintiff's face, and told Plaintiff "this is jail[,] boy" [*Id.*]. Plaintiff then stated that he knew his rights and ordered Defendants to get out of his room, at which point Defendant Merritt grabbed Plaintiff by the throat and told him that he did not tell Defendants what to do and that they "better not have any more problems" from him [*Id.* at 6]. Plaintiff then pushed Defendant Merritt's hand from his throat and said he wanted a grievance form and for Defendants "to get the [expletive] out of [his] room" [*Id.*]. Defendants left, but Plaintiff did not receive a grievance form [*Id.*].

## III. Legal Analysis

The Cruel and Unusual Punishment provision of the Eighth Amendment protects prisoners from the infliction of "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S.

312, 319 (1986). When prison officials are accused of using excessive force against a convicted prisoner, "the core judicial inquiry . . . [is] whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In evaluating an Eighth Amendment claim, the court should consider "the reason or motivation for the conduct, the type and excessiveness of the force used, and the extent of the injury inflicted . . ." *Parrish v. Johnson*, 800 F.2d 600, 605 (6th Cir. 1986).

Where a prisoner complains of a use of force under the Eighth Amendment that "causes no discernible injury," the prisoner "almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotations admitted). Accordingly, the Sixth Circuit has held that where a prisoner alleged that, after he got upset at a hearing, the defendants snatched him out of his chair, shoved him out of a room, grabbed him around the left jaw and throat, and bent back two of his fingers, resulting in Plaintiff sustaining minor lacerations and cuts, these allegations were insufficient to sustain an Eighth Amendment claim. *Lockett v. Suardini*, 526 F.3d 866, 869, 875–76 (6th Cir. 2008); *see also Williams v. Johnson*, 55 F. App'x 736, 736–37 (6th Cir. 2003) (holding that a plaintiff's allegations that the defendant grabbed him by the arm, made a racially offensive remark, and attempted to shove him into a door failed to state a claim under § 1983); *Leary v. Livingston Cty.*, 528 F.3d 438, 443 (6th Cir. 2008) (holding that officer's single use of force in hitting prisoner in the back of the neck with the side of his hand like a "karate chop" was *de minimis* where it did not result in any injury).

Where the prisoner was a pretrial detainee at the time of the alleged use of force, however, the court must determine whether the plaintiff demonstrates "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The court must make this determination based on the "perspective of a reasonable officer

3

on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* The court must also take into account "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained'" and defer to jail officials' need to maintain order, discipline, and security. *Id.*

The Supreme Court also sets forth the following non-exclusive list of considerations that "may bear on the reasonableness or unreasonableness of the force used" as to pretrial detainees:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* The court must apply the standard used in Fourth Amendment cases, under which "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' . . . violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

It is unclear whether Plaintiff was a pretrial detainee or a convicted inmate at the time of the alleged uses of force. Regardless of which standard applies, however, it is apparent that the uses of force Plaintiff alleges in the complaint were objectively reasonable. Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

Specifically, it is apparent from the complaint that Plaintiff was actively resisting[1] Defendants' presence in his cell by accusing them of misconduct. Moreover, Plaintiff did not acquiesce to Defendants' authority after Defendant Davis shoved Plaintiff and warned him that this was jail while placing his finger in Plaintiff's face [Doc. 1 p. 5], a *de minimis* use of force, but rather escalated his verbal resistance by ordering Defendants to get out of his room, at which time

---

[1] *See Eldridge v. City of Warren*, 533 F. App'x 529, 535 (6th Cir. 2013) (defining active resistance as "a verbal showing of hostility" or "a deliberate act of defiance using one's own body").

4

Defendant Merritt grabbed Plaintiff by the throat and warned Plaintiff that he was not in charge and should not cause more trouble [*Id.* at 6]. Nothing in the complaint suggests that either of these acts caused Plaintiff any pain or injury. To the contrary, the fact that Plaintiff was able to push Defendant Merritt's hand from his throat demonstrates that this grab was not forceful. Accordingly, taken as a whole, the allegations of the complaint demonstrate that Defendants' uses of force set forth in the complaint were objectively reasonable in light of Defendants' need to maintain order. As such, the complaint fails to state a claim upon which relief may be granted under § 1983.

Moreover, to the extent Plaintiff intended to state a claim arising out of his allegation that that he did not receive a grievance form in response to a request, that allegation fails to state a claim under § 1983. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (stating that "[a]ll circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures").

### IV. <u>Conclusion</u>

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**